United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11244
Summary Calendar

JIMMIE LEE SMALL,

Plaintiff-Appellant,

versus

D. COLE, Warden; S. DAMRON, Captain;
NFN SUTTON, Unit Health Authority;
LEONARD COWDEN, Physician Assistant; RONALD LACY, DR.;
KENNETH WILKS, Lieutenant; OSCAR J. JUARES, Sergeant;
NFN LAYTON, Sergeant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 2:04-CV-180
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jimmie Lee Small, a Texas prisoner proceeding pro se and in
forma pauperis, appeals the dismissal of his 42 U.S.C. § 1983 civil
rights complaint pursuant to 42 U.S.C. §§ 1915(e)(2) and 1915A as
frivolous and for failure to state a claim upon which relief could
be granted. Small argues that defendants were deliberately indif-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

ferent to his serious medical needs because they did not refer him to a dermatologic or cosmetic specialist and did not order laboratory tests. Small asserts that defendants did not ensure that prison barbers followed infection control policies and did not provide photographs of his alleged injuries. Small contends that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because defendants disregarded his medical authorization to forego close shaving and ordered him to be clean-shaven.

Small does not specifically challenge the district court's analysis of his claims, nor does he urge that the court erred in determining that he failed to present an arguable or non-frivolous issue for appeal. Rather, he merely re-urges the claims raised in his initial and supplemental complaints and lists his observations of breaches in prison infection control policies in the barbershop. Although this court liberally construes pro se briefs, arguments must be briefed to be preserved. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Small has failed to challenge the district court's bases for dismissing his complaints, he has abandoned these issues. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (holding that the failure to identify error in the district court's analysis is the same as if appellant had not appealed).

Small's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215,

219-20 (5th Cir. 1983). The dismissal of Small's complaint as frivolous and this dismissal count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Small is warned that if he accumulates a third strike, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Small's motions for production of documents, supplementation of his brief on appeal, and appointment of counsel are denied.

APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED.